### Walerin Milewski a/k/a Walerin Mile v. Peter Skibniowski, Sr.

[360 A.2d 78]

No. 150-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Plaintiff.

*Thomas M. French and Edward A. John,* Brattleboro, for Defendant.

**Barney, C.J.** This dispute involves what may be termed a management and operation contract between the parties, under which the defendant, as farm owner, engaged the plaintiff to operate the business. This working arrangement began in 1932 and ended in 1972. The defendant practiced his trade as a barber all this time, while the plaintiff and the defendant's wife ran the farm up until 1968. In that year Mrs. Skibniowski died, and her daughter took over the bookkeeping and tax work until the arrangement terminated in 1972.

According to the evidence, the plaintiff went to work in 1932 for room and board and a few dollars a month. In 1936 the parties entered into a written agreement with a seven year term. Although the relationship continued almost thirty years, no new writing was ever executed.

At issue was the nature and extent of the division or settlement of accounts between the parties at the time of termination. The written agreement provided for a division of the farm's production between the parties, both at regular intervals and at the termination of the agreement. The dispute before us is not centered on the terms of the arrangement between the parties, but on the sufficiency of the evidence to support the plaintiff's claims for recovery.

Trial was by court. No findings were made. A notice of decision was filed as provided by V.R.C.P. 52(a). When no requests for findings followed, judgment was entered. The notice of decision stated that the evidence was insufficient to establish "any values of the remaining personalty, and, therefore, plaintiff has been fully compensated pursuant to his agreement with defendant." It also found the plaintiff indebted to the defendant on a counterclaim as to a feeder, again finding the evidence insufficient to support any recovery

by the defendant for his share of the livestock sold by the plaintiff.

With no findings to be questioned, the appeal centers on evidentiary rulings made at trial excluding evidence claimed to be proper and relevant on the very issues of value of the personal property and livestock. We agree with the plaintiff that the court's award on the counterclaim implicitly recognizes the agreement to equally divide the particular personalty set out in the written arrangement. This, of course, determines the relevance of evidence related to that division.

The exclusionary rulings dealt with the plaintiff's testimony. He prepared a list of the farm equipment and assigned values to the individual items. It was his testimony that he was familiar with all the machinery, had used it, and had bought and sold old and new equipment. He stood in the posture of one who claimed to share an ownership interest in the property. Whether or not it was believable, it was relevant and admissible. 12 V.S.A. § 1604; *Fiske* v. *State Highway Board*, 124 Vt. 87, 91, 197 A.2d 790 (1964).

This produces an inconsistency with the notice of decision that underlies the judgment dismissing the complaint. Dismissal is consistent with a failure to produce evidence amounting to a prima facie case. If the plaintiff's shortcoming is that the evidence is not credible, or is overborne by evidence of the defendant, the entry is not dismissal, it is judgment in favor of the defendant that he is not liable as the plaintiff has alleged. See *Cross* v. *Estate of Patch*, 123 Vt. 11, 178 A.2d 393 (1961).

We are left with a case where it appears that the plaintiff's case was dismissed for failure of proof in the presence of tendered, admissible evidence that was improperly excluded. Since it should have been received and given such weight as to the trier appeared warranted, the judgment is defective and the matter must be returned below for retrial.

*Judgment reversed and cause remanded.*